IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,989-02






EX PARTE EDDIE LEON NELSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 17,015-C IN THE 278TH DISTRICT COURT

FROM WALKER COUNTY



 

 Per curiam.


 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
possession of a deadly weapon in a penal institution, and punishment was assessed at 15 years'
confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary because defense counsel and the
trial court advised him that he would receive a sentence of not more than 10 years if he pleaded
guilty. If true, these factual allegations might entitle Applicant to relief.


 Despite two previous remand orders, the issues have not yet been fully resolved. Therefore
we remand this application a third time.

First Remand.

 When this Court first received this application, the State had not responded and the trial court
had made no findings of fact and conclusions of law. The first remand order instructed the trial court
to resolve the issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), and to make findings of
fact as to whether:

 (1) there was a plea bargain; 

 (2) Applicant had notice of the correct sentencing range; and 

 (3) Applicant had notice of the recommended sentence when he pleaded guilty.

 In compliance with the first remand order, the trial court reviewed the plea papers and
judgment, collected affidavits from the prosecutor and defense counsel, and conducted a live hearing. 
The plea papers reflected a sentencing range of no less than 2 years and no more than 10 years for
an unenhanced third degree felony. They did not reflect any agreed sentence or make any affirmative
representations concerning the enhancement paragraphs. The judgment reflected that Applicant
pleaded true to one enhancement paragraph. The affidavits explained that the plea agreement was
for 15 years and further explained that in the early 1990's, it was customary practice to prepare the
paperwork for a plea agreement using the degree of the primary offense only, and then at trial the
defendant would orally plead to the enhancement paragraphs and the court would orally admonish
the defendant of the enhanced sentencing range. The parties entered a stipulation that the identity
of the court reporter was no longer ascertainable. At the live hearing, Applicant testified that during
trial he had heard the judge sentencing him to 15 years and had been surprised, but at the time he was
not motivated to do anything about it. The State attempted to show that Applicant's undue delay in
filing the habeas application had prejudiced its ability to respond to the claim because the reporter's
record that would have shown whether the customary practice had been followed in this case was
no longer available, but habeas counsel objected. The court sustained the objection and so the State
was not able develop the facts and plead a laches defense at the hearing. Therefore the hearing
record did not contain all of the relevant facts and arguments needed to resolve Applicant's claims.

 The trial court made findings of fact that:

 (1) there was a plea bargain agreement;

 (2) it was impossible to determine the exact recommended sentence because of the
passage of time and conflicts in the evidence; and

 (3) Applicant was not advised of the correct sentencing range.


 The trial court recommended granting relief.

Second Remand.

 Because the State's attempt to develop and plead a laches defense had been cut short and the
trial court's findings and recommendation were based in part on the absence of evidence that had
been lost because of the passage of time, this Court entered a second remand order. The second
remand order instructed the trial court to:

 (1) collect and forward additional evidence concerning the customary practice of the
county in the early 1990's, specifically, a statement from Judge Ernst;

 (2) obtain and forward the letter from Charles Wexler to Herb Hancock that was cited
in Mr. Hancock's affidavit and represented that Applicant would accept a sentence
of 15 years, but which was not in the record before this Court; and

 (3) give the parties an opportunity to discuss the application of laches.


 The trial court was ordered again to make findings of fact as to whether Applicant had proven
by a preponderance of the evidence that his plea was involuntary, and to make any further findings
it deemed relevant and appropriate.

 In response to the second remand order, the trial court did not collect and forward additional
evidence concerning the customary practice of the county in the early 1990's. The trial court did not
obtain and forward the letter cited in Mr. Hancock's affidavit. The parties' responses did not discuss
whether the application should be barred by laches, although the State did urge that Applicant's delay
in filing the application had prejudiced its ability to respond. The trial court did not make its own
findings and recommendations but instead adopted both parties' proposed findings and
recommendations. As a result the trial court is now recommending to this Court that relief should
be both: 

 (1) denied; and 

 (2) granted.


Third Remand.

 Now this application is being remanded for a third time. The trial court shall comply with
this Court's second remand order. If the court does not collect and forward the additional evidence
ordered, the court shall explain why. The parties shall have another opportunity to discuss whether
this application should be barred by laches. In addition, the trial court shall make only one
recommendation as to whether relief should be granted or denied.

 This application will be held in abeyance until the trial court has complied with the second
remand order and this third remand order. A supplemental transcript containing the evidence
specified in the second remand order, the parties' discussions of whether this application should be
barred by laches, the trial court's recommendation, and any supplemental findings of fact and
conclusions of law, shall be returned to this Court within 60 days of the date of this order. Any
extensions of time shall be obtained from this Court.



Filed: February 6, 2008

Do not publish